R. B. Wiggins, Appellee, v. William Heim, Jr.,
Appellant.

Gen. No. 44,124.

Opinion filed November 3, 1947. Released for publication
November 18, 1947.

JOHN V. RYAN, of Chicago, for appellant; C. W.
ARMSTRONG, of Chicago, of counsel.

BEN COPPLE, of Chicago, for appellee; CLARENCE
THREEDY, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the
court.

This is an appeal by defendant from a decree in a
suit for accounting, directing defendant to account
and reserving jurisdiction to refer the matter to a
master as to the form of the accounting.

Plaintiff filed a complaint, alleging *inter alia* that
on November 19, 1943, defendant, doing business as

Service Machine Company, entered into a written contract with him, in which it was provided that plaintiff should secure for defendant orders for the machining of a certain base housing for the Lockheed Flap Actuator, assist in the procurement of the necessary tools incident to the production thereof, assist in the satisfactory prosecution of the work, and maintain harmony and good will between the contractor and Service Machine Company; that the compensation to be paid to plaintiff for his performance should be in the form of a salary based on the selling price of each part, in the sum of $1 for each furnished part and a prorated amount for each part partially finished; that this compensation shall not be termed a business broker's commission but a salary for maintaining good will and valuable services rendered; that the defendant agreed to accept the orders mentioned and begin the work immediately and use diligence to perform this work as rapidly as possible; that the agreement shall not terminate with the completion of any single purchase order for production work but shall continue with compensation to Wiggins on a prorated basis equal to the sum hereinbefore mentioned, for any future business obtained in accordance with the provisions set forth.

Thereafter, by leave of court another count at law was added to the complaint, which sought to recover the stipulated compensation on specific orders listed in said count 2.

Defendant by his answer interposed the defense (1) that the contract was against public policy; (2) that plaintiff procured no orders for defendant upon which he was entitled to any compensation; (3) that the contract was cancelled and a full and final settlement made by the payment to plaintiff of the sum of $5,046; (4) that said contract was null and void because defendant was compelled to enter into the written contract by business duress and compulsion. By way of

counterclaim defendant sought to recover back the $5,046 paid under the contract for the same reasons set up in the answer.

An important procedural question, relating to pre-trial conference, is presented by this appeal.

It appears from the record that upon the hearing, the only evidence received on behalf of plaintiff was the written contract of November 19, 1943, and the stipulation by counsel that the purchase orders, as substantially set up in plaintiff's pleadings, were executed and payment therefor received by defendant. Defendant then proceeded with the offer of evidence to support his defenses. At the conclusion of the hearing, plaintiff's counsel moved for a finding for plaintiff and the entry of a decree. Defendant's counsel objected to the entry of any decree without proof as to the performance of the contract by plaintiff. The court then stated: "I think your decree should find that there was a pre-trial conference and at that conference it was agreed, as a matter of fact, that the defendant should proceed with the trial, with the presentation of his affirmative defenses, and his counterclaim, and after hearing his evidence on that, the court decided that he had not made his defense as set forth, and that thereupon, the court found for the plaintiff, and against the defendant, and also on the counterclaim." The record further discloses that a few days later counsel for plaintiff presented a decree, which contained the following recital: ". . . . and the Court having held a pre-trial conference with the attorneys for plaintiff and defendant where it was agreed that inasmuch as plaintiff's contract sued upon was admitted by defendant, but that defendants answer set up affirmative matter and defendant had the burden of proof to establish his defenses to the Complaint and that after the introduction of the plaintiff's contract plaintiff would rest his case and defendant would put on proof to establish the allegations of his

answer; that the parties proceeded to try this case as agreed to in the pre-trial conference and upon the completion of defendant's case, plaintiff made a motion for a finding for plaintiff, which motion was sustained by the Court. . . ." Counsel for defendant then stated: "I submit what he has set up in it as to what happened at the pre-trial conference is not in accordance with the facts. The only thing I said at the pre-trial conference in connection with the question of affirmative defenses being tried first was in nature of an objection. I said I thought the plaintiff's case in chief should go on and that the affirmative defenses should be tried as a part thereof. . . ." The court: "No. The way I understood it was that the plaintiff alleged the contract, the defendant has set up certain affirmative defenses on which the plaintiff contended he, the defendant, had the burden of proof. In this conference which we had you seemed to agree to that, sir."

As to when this pre-trial conference was held, both the decree and the record are silent. There is presented a serious controversy as to what was agreed upon at the pre-trial conference. Pre-trial conference is authorized in the Practice Act, par. 182a, sec. 58½, ch. 110, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 104.058(1)], and is made subject to such rules as the Supreme Court may promulgate. Rule 23A of the Supreme Court provides:

"In any civil action, the Court may, in its discretion, direct the attorneys for the parties to appear before it for a conference to consider:

    (1) The simplification of the issues;

    (2) Amendments to the pleadings;

    (3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

 (4) The limitation of the number of expert witnesses;

 (5) Such other matters as may aid in the disposition of the action.

The Court *shall* make an order which recites the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; *and such order, when entered, shall control the subsequent course of the action,* unless modified by the Court at the trial.'' (Italics ours.)

■ ■ The pre-trial conference contemplated by the rule of the Supreme Court, and the order to be entered reciting the agreement reached, obviously means that the order must be entered before the trial of the case. The wisdom of the provision in Rule 23A, requiring the separate order containing the recital as to agreements reached, is emphasized by the present controversy presented upon this record. Had the order been entered prior to the start of the trial of this cause, in accordance with Rule 23A, any misunderstanding as to what transpired at the pre-trial conference would have been settled by such order. The court cannot upon the trial of a case, resort to its recollection as to what occurred at the pre-trial conference.

■ The defense set up in the answer that plaintiff procured no orders for defendant, upon which he could claim any compensation was part of the defense directed at plaintiff's right to an accounting. Some evidence was offered by defendant that the orders listed in the pleadings were not procured through the efforts of plaintiff. Plaintiff, evidently relying upon the position taken by the court with respect to the pre-trial conference, offered no rebuttal testimony. Since, as we have held, there was no compliance with the statute or Rule 23A of the Supreme Court with respect to

pre-trial conference, the recital in the decree as to the agreement reached at the pre-trial conference is without support in the record, and of no legal effect.

We believe the parties should have a full hearing upon the primary question of the right of plaintiff to an accounting. When the chancellor determines upon all the evidence on that subject, that plaintiff is entitled to an accounting, a decree should then be entered to account, and direct the manner of the accounting.

The decree of the superior court is reversed and the cause remanded for further hearing consistent with the views herein expressed.

*Reversed and remanded.*

NIEMEYER, P. J., and O'CONNOR, J., concur.