### Judith Lubitz *v.* James Wells et al.

Superior Court    New London County    File No. 22595

Memorandum filed March 23, 1955.

*Sachs, Sachs & Sachs,* of New Haven, for the plaintiff.

*Brown, Jewett & Driscoll,* of Norwich, for the defendants.

Troland, J.   The complaint alleges that James Wells was the owner of a golf club and that he left it for some time lying on the ground in the backyard of his home.   That thereafter his son, the defendant James Wells, Jr., aged eleven years, while playing in the yard with the plaintiff, Judith Lubitz, aged nine years, picked up the golf club and proceeded to swing at a stone lying on the ground.   In swinging the golf club, James Wells, Jr., caused the club to strike the plaintiff about the jaw and chin.

Negligence alleged against the young Wells boy is that he failed to warn his little playmate of his intention to swing the club and that he did swing the club when he knew she was in a position of danger.

In an attempt to hold the boy's father, James Wells, liable for his son's action, it is alleged that James Wells was negligent because although he knew the golf club was on the ground in his backyard and that his children would play with it, and that although he knew or "should have known" that

the negligent use of the golf club by children would cause injury to a child, he neglected to remove the golf club from the backyard or to caution James Wells, Jr., against the use of the same.

The demurrer challenges the sufficiency of the allegations of the complaint to state a cause of action or to support a judgment against the father, James Wells.

It would hardly be good sense to hold that this golf club is so obviously and intrinsically dangerous that it is negligence to leave it lying on the ground in the yard. The father cannot be held liable on the allegations of this complaint. *Goldberger* v. *David Roberts Corporation,* 139 Conn. 629; *Wood* v. *O'Neil,* 90 Conn. 497-500.

The demurrer is sustained.