ANITA BUSH, B/N/F A.B. BUSH *v.* RALPH BERNARD SMITH,
THE BOARD OF SCHOOL COMMISSIONERS OF THE
CITY OF INDIANAPOLIS.

[No. 2-672A17. Filed December 7, 1972. Rehearing denied January 9, 1973. Transfer denied May 23, 1973.]

*Alex L. Rogers, Steers, Klee, Sullivan & LeMay,* of Indianapolis, for appellant.

*James J. Stewart, Harold E. Atherly, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellees.

LYBROOK, J.—This appeal arises from a summary judgment granted defendants Ralph Bernard Smith and The Board of School Commissioners of the City of Indianapolis, (School) in a negligence action brought by Anita Bush, b/n/f A.B. Bush (Bush).

Bush filed the action against defendants-appellees and one Raymond Murray. The cause is still pending against Murray.

Bush, age 12, sought recovery for injury to her left eye, sustained when Murray, age 13, threw a bamboo high-jump crossbar, striking the plaintiff. Both Bush and Murray were students at School No. 47, where defendant-appellee Ralph Bernard Smith was the gym teacher.

In ruling upon the School's motion for summary judgment, the trial court made the following undisputed findings of fact which succinctly describe the incident:

"1. The plaintiff, ANITA BUSH, was injured on Friday, April 26, 1968, when she was struck in the left eye by the end of a pole used as a cross-bar with high-jumping standards. The injury occurred on the grounds of Indianapolis Public School No. 47, located in Marion County, Indiana. The injury occurred after school hours, between 4:30 and 5:00 P.M."

\* \* \*

"8. During school hours on Friday, April 26, 1968, the defendant, RAYMOND MURRAY, requested and received permission from the defendant, RALPH BERNARD SMITH, to borrow certain high-jumping equipment, con-

sisting of two standards and a bamboo cross-bar, for the weekend. The defendant, RAYMOND MURRAY, did not specify when and where he intended to use the equipment, and the permission granted by the defendant, RALPH BERNARD SMITH, did not restrict the location of its use or the time it could be used during the weekend. The equipment was to be returned to the defendant, RALPH BERNARD SMITH, on the following Monday morning."

\* \* \*

"11. At the close of school hours on April 26, 1968, the plaintiff, ANITA BUSH, went to her home, changed her clothes, and went to the home of Sandra Murray, the sister of the defendant, RAYMOND MURRAY. The plaintiff, ANITA BUSH, and Sandra Murray then returned to the grounds of Indianapolis Public School No. 47 where they engaged in bicycle riding and watched the defendant, RAYMOND MURRAY, and his three companions high-jumping.

"12. After an attempted jump by the defendant, RAYMOND MURRAY, which resulted in the cross-bar being knocked to the ground, Sandra Murray laughed at him. The Defendant, RAYMOND MURRAY, then suddenly and without warning threw the cross-bar at his sister, Sandra Murray. The cross-bar missed Sandra Murray and struck the plaintiff, ANITA BUSH, in the left eye. By his own admission, the defendant, RAYMOND MURRAY, threw the cross-bar in anger.

"13. At the time of the injury, the defendant, RAYMOND MURRAY, and his companions were utilizing the high-jumping equipment for their personal practice, recreation and physical training but not as a part of any regular organized or supervised school function or activity."

Based upon these findings of fact, the trial court entered the following conclusions of law:

"3. There is no genuine issue as to any material fact.

"4. The defendants, RALPH BERNARD SMITH and THE BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS, were under no duty to the plaintiff, ANITA BUSH, under the circumstances of this case to supervise the individual activity of the defendant, RAYMOND MURRAY, and his companions in the use of the equipment involved."

\* \* \*

"6. The sole proximate cause of the injury to the plaintiff was the independent, intervening, intentional act of the defendant, RAYMOND MURRAY.

"7. On the facts shown, there was no negligence on the part of the defendants, RALPH BERNARD SMITH and THE BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS.

"8. On the facts shown, the defendant, RALPH BERNARD SMITH and THE BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS, are entitled to judgment as a matter of law."

The court then entered the following judgment:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:
a. That judgment is hereby entered for the defendants, RALPH BERNARD SMITH and THE BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS, and against the plaintiff, ANITA BUSH by her next friend, A. B. BUSH."

The primary question presented by this appeal is whether the trial court erred in finding, as a matter of law, that there was no duty owed by the School to Bush.

Bush maintains that the high-jumping equipment was a "potentially dangerous instrument," the loaning of which gave rise to a duty on the part of the school to supervise its use.

In *Neal, Admr.* v. *Home Builders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280, 111 N.E.2d 713, the Supreme Court defined "inherently dangerous" as meaning:

". . . that danger is contained in and is an inherent part of the constitution of the instrumentality or condition itself, at all times, in such a manner as to require special precautions to prevent injury, not simply danger arising from mere casual or collateral negligence of others. *Brown* v. *City of Craig* (1943), 350 Mo. 836, 168 S.W.2d 1080, 1082; *Emery* v. *Thompson* (1941), 347 Mo. 494, 148 S.W.2d 479, 480; *Fackrell* v. *City of San Diego* (1945), 26 Cal. 2d 196, 157 P. 2d 625, 629, 158 A.L.R. 773; *Vale* v. *Bonnett* (1951), 89 U.S. App. D. C. 116, 191 F. 2d 334, 339."

We would not naturally expect that danger would arise from the use of high-jumping equipment unless there was some negligent act, independent of the equipment itself, to cause the danger.

To hold high-jumping equipment to be "inherently dangerous" would be the equivalent of saying that any instrumentality which could *conceivably* inflict injury, such as a book, a board or a bamboo fishing pole, would be "inherently dangerous," giving rise to a duty of supervision.

Other courts have held various common objects not to be inherently dangerous and have therefore not imposed a strict duty of supervision even during school hours. See *Kos* v. *Catholic Bishop* (1942), 317 Ill. App. 248, 45 N.E.2d 1006. (Six year old girl hit with hand brush thrown by fellow pupil during lunch in classroom), *Ohman, et al.* v. *Board of Education of the City of New York, et al.* (1949), 275 App. Div., Sup. Ct. 840, 88 N.Y.S. 2d 273, (pupil struck in eye by pencil thrown when teacher stepped outside classroom), *Guyten, a minor* v. *Rhodes* (1940), 65 Ohio App. 163, 29 N.E.2d 444, (pupil struck in eye by milk bottle thrown by another pupil while teacher out of room). See 38 A.L.R. 3rd 830, also.

In line with the above authorities, we hold that high-jumping equipment is not an "inherently dangerous" instrumentality and therefore no duty arose on the part of the School to supervise its use during non-school hours. This is in accord with Justice Elwood's holding, in *Edmondson* v. *Moose Jaw School District* (1920), 55 Dominion Law Reports 563, where he held high-jumping equipment not to be a "trap."

This brings us to Bush's contention that summary judgment was inappropriate in this case.

Trial Rule 56 (C), dealing with summary judgment, states in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Having determined that defendants Ralph Bernard Smith and The Board of School Commissioners of the City of Indianapolis owed no duty to Bush, there could be no negligence chargeable to these defendants and therefore no genuine issues as to any material fact.

The trial court correctly found against Bush as a matter of law and we hold that summary judgment was appropriate.

Appellant contends that there is an issue of proximate cause in this case. Since no duty existed on the part of defendants-appellees, the question of proximate cause is moot and needs no discussion.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 289 N.E.2d 800.