SCOTT COUNTY SCHOOL DISTRICT 1 *v.* HARVEY E. ASHER, B/N/F EILLENE W. McCLURE.

[No. 1-573A85. Filed June 4, 1974. Rehearing denied July 11, 1974. Transfer granted March 11, 1975.]

*Robert R. Railing,* of Scottsburg, *John M. Lewis,* of Seymour, for appellant.

*Cline, King & Beck,* of Columbus, *Montgomery, Elsner & Parkieck,* of Seymour, for appellee.

ROBERTSON, P.J.—Plaintiff-appellee Harvey Asher, a 16 year old high school student, suffered a severe cut of his right hand while using a ten inch bench saw in shop class. His complaint against the defendant-appellant school district (school) alleged that his injuries were caused by the negligence of the school in installing and maintaining the saw. A jury awarded Asher $95,000 damages. From the overruling of its motion to correct errors the school brings this appeal.

For the reasons discussed hereafter we determine that no reversible error exists in the seven issues raised by the school.

## ISSUE 1

The school first contends that reversible error existed in the trial court's failure to enter a pre-trial order.

A pre-trial conference, initiated by the court, was held on July 10, 1972. A pre-trial order failed to follow. The Indiana Rules of Procedure, Trial Rule 16(J) states:

> "(J) Pre-trial order. *The court shall make an order* which recites the action taken at the conference, the amendments allowed to the pleading, and the agreements made by the parties as to any of the matters considered which limit the issues for trial to those not disposed of by admissions or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice." (Emphasis added.)

The school argues that this rule makes it mandatory that, if a pre-trial conference is held, a trial court enter a pre-trial order reciting the action taken and limiting the issues for trial and that the failure to do so constitutes reversible error. Although the school cites no case in direct support, it has referred us to some authoritative comments on Trial Rule 16.

> "The power of Rule 16 is embodied in the pre-trial order, *which is required of the court* and which controls all subsequent proceedings in the case unless it is amended." (Emphasis added). Civil Code Study Commission Comments, *found at* 2 Harvey, Indiana Practice 174 (1970).

> "*A pre-Trial order is an absolute necessity* if the good accomplished by the conference itself is to be preserved for the further disposition of the case and in the trial itself." (Emphasis added). Clark, Objectives of Pre-trial Procedure, 17 Ohio St. L.J. 163, 169 (1956).

We agree wholeheartedly with these comments and acknowledge that the trial court may have erred in failing to enter a pre-trial order. However, we do not ascribe reversible error to such failure in this case. Trial Rule 61 provides in part that no error in anything omitted by the court is ground

for reversal on appeal, unless refusal to reverse would be inconsistent with substantial justice. The rule further provides that any error not affecting the substantial rights of the parties must be disregarded.

In deciding whether the school's substantial rights were affected we must examine the alleged harm it suffered as a result of the trial court's error. It contends that the lack of a pre-trial order resulted in evidence being admitted which was irrelevant and immaterial in that it went beyond the scope of the allegations of negligence as framed by the complaint. It suggests that had a pre-trial order been entered the issues would have been so narrowed as to preclude the admission of the questioned evidence.

We feel that the proper inquiry when faced with an issue such as this concerns whether or not the purposes of Trial Rule 16 have been so frustrated by the lack of an order as to affect the school's substantial rights. Paragraph (A) of the rule specifies one of the purposes of the conference as being to consider the simplification of the issues. Paragraph (J) provides that the pre-trial order shall recite "the agreements made by the parties as to any of the matters considered at the conference which limit the issues for trial. . . ." Should such an agreement be reached, it is important that it be embodied in a written order, before trial, so as to control the future course of action and to head off subsequent disputes concerning the matters agreed to at the conference. *See Wiggins* v. *Heim* (1947), 332 Ill. App. 403, 75 N.E.2d 381. However, if the parties have not agreed on the limitation of issues, a pre-trial order would naturally not include any recitation concerning same. The school in its brief does not allege that any agreement limiting the issues for trial was in fact reached during the pre-trial conference and in its trial motions directed toward the lack of a pre-trial order there was no concern voiced about limiting the issues for trial. We are of the opinion that where there was no agreement reached at the pre-trial conference con-

cerning that limitation of issues for trial, the school's substantial rights were not affected by the failure of the trial court to enter an order limiting the issues for trial.

## ISSUE 2

The school next argues that the trial court committed reversible error in admitting into evidence, over its objection, the depositions of Ellsworth Chandler, the superintendent of appellant-school district, and Riley Caudill, the shop teacher at the school, on the ground of non-compliance with Trial Rule 32(A)(2). We disagree and find that the depositions were properly admitted.

The pertinent part of Trial Rule 32(A) reads as follows:

"(A)  Use of depositions. At the trial . . . any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party . . . in accordance with any one of the following provisions:

(1)  . . . .

(2)  The deposition of a party, or an agent or person authorized by a party to testify or furnish such evidence or of anyone who at the time of taking the deposition was an officer, director, *or managing agent,* executive officer of a person designated under Rule 30(B)(6) or 31(A) to testify on behalf of an organization, including a governmental organization or partnership which is a party may be used by an adverse party for any purpose." (Emphasis added).

If Chandler and Caudill can be considered "managing agents" their depositions could be used by Asher for any purpose including evidence at trial consistent with the rules of evidence, regardless of whether or not they were available to testify in person. The test as to whether one serves in such capacity to a party so that the party may be deposed through him as managing agent is not title, but the functions performed in furtherance of the party's activities and interests. If the person has general powers to exercise his judgment and discretion dealing with corporate

matters he may be deemed a managing agent. *In re Manor Investment Co.,* (S.D.N.Y. 1967), 43 F.R.D. 299. In the instant case it cannot be seriously contested that the school superintendent was a managing agent. He was in charge of the general administration of the school district, including the hiring of teachers, the maintenance of physical facilities, and the acquisition of equipment and supplies. As for Caudill, the shop teacher, in looking to his authority with respect to the subject matter of the litigation it appears that he was responsible for determining the type of saw to be purchased for the shop class as well as the safety features to be included thereon. We consider such authority sufficient to deem the teacher a managing agent for the purposes of this case.

The school also argues that the trial court erred in admitting into evidence over objection certain answers to interrogatories on the ground that the persons involved were in the courtroom at all times and could have been called as witnesses. Trial Rule 33 (B) rebuts appellant's contention by providing that answers to interrogatories "may be used to the extent permitted by the rules of evidence."

The school argues specifically that an answer to one of the interrogatories should not have been admitted because it was beyond the issues made by the complaint. The complaint alleged that the school was negligent in installing and maintaining the saw in a highly dangerous condition. The interrogatory propounded by Asher asked whether at the time of the accident there were any rules or regulations relating to the supervision of shop classes. Trial Rule 15 (B) speaks to the procedure to be followed when such an objection is raised. It provides in part:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence

would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Although the school raised such an objection, no effort was made by either party to amend the pleadings to conform to the evidence. The school did not make any showing to the trial court that the admission of this evidence would prejudice its defense upon the merits, nor does it present any such showing on appeal. Further, there was no claim of surprise or request for a continuance by the school district so that it could adequately meet and defend this new issue. In *Indianapolis Transit System, Inc.* v. *Williams* (1971), 148 Ind. App. 649, 269 N.E.2d 543, the court stated:

> "Whether the 'issues' to be tried in any law suit are formed by the pleadings or in a pre-trial order, their function is merely to provide the parties and the court with an itinerary for the journey through the trial. *Either party may timely demand strict adherence to the predetermined route or, if deviation is permitted, the time necessary to prepare to meet the new issue.* (Emphasis added.)

## ISSUE 3

The school next complains that the trial court erred in permitting certain courtroom demonstrations. Two witnesses for Asher demonstrated the use of a saw blade guard device on the saw before the jury. Asher's apparent purpose for the demonstration was to show that guard devices were available and could have prevented the accident had the school employed same on its saw. The school argues that the demonstration of the particular guard used was irrelevant because it was not designed by the same company that manfactured the saw. The school also argues that the demonstration was inadmissible because it could not be made a part of the record subject to review by a higher court.

The general rule is that courtroom demonstrations are admissible subject to the trial court's discretion. *Pennsyl-*

*vania Ice & Coal Co.* v. *Elischer* (1939), 106 Ind. App. 613, 21 N.E.2d 436. On appeal, the trial court's decisions with respect to the admissibility of demonstrations are subject to review only for an abuse of discretion. The school has failed to show an abuse of discretion. One of Asher's witnesses, a teacher from another school district, testified that the guard in question was the type customarily used on this type of saw. The school district does not challenge the qualifications of the teacher-witness to give such testimony. In light of the testimony that the questioned guard was the type customarily used, there was clearly no abuse of discretion by the trial court in permitting the demonstration. Such evidence was admissible to show what was feasible and what the school knew or should have known. The school district's argument concerning the difficulty of making the demonstration a part of the record subject to review by a higher court is without merit. Such difficulty may be considered by the trial court but, of course, must be weighed against the usefulness of the demonstration to the trier of fact.

## ISSUE 4

The next issue raised by the school was that there was misconduct by Asher's counsel in not serving school district's counsel with a copy of a trial brief submitted to the trial court. The school refers us to the Code of Professional Responsibility DR. 7-110(B) which provides, in pertinent part, that "[i]n an adversary proceeding, a lawyer shall not communicate . . . as to the merits of the cause with a judge . . . before whom the proceeding is pending, except . . . (2) In writing if he promptly delivers a copy of the writing to opposing counsel . . . (4) As otherwise authorized by law." We note that the law does "otherwise authorize" the submission of a writing to the trial court without delivering a copy to opposing counsel. Indiana Rules of Procedure, Trial Rule 5(A)(4) provides that a party must be served with every brief submitted to the trial court

*except trial briefs.* We find no misconduct on the part of Asher's counsel.

## ISSUE 5.

The school argues that error exists in three instructions given by the trial court.

The trial court gave Final Instruction #1, which reads:

"The plaintiff has the burden of proving the following propositions:

1. That the defendant was negligent.
2. That the plaintiff was injured.
3. That the negligent acts or omissions of the defendants were the proximate cause of the injury to the plaintiff.

If you find from a consideration of all the evidence that these propositions have been proved then your verdict should be for the plaintiff. However, if you find from consideration of all the evidence that any of these propositions have not been proved, or if you find that the plaintiff himself was guilty of contributory negligence, your verdict should be for the defendant."

This instruction, according to the school, does not limit the duties of the parties as set forth in the complaint which was read to the jury in the preliminary instructions.

The recent case of *LaNoux* v. *Hagar* (1974), 159 Ind. App. 646, 308 N.E.2d 873, and the numerous authorities cited therein hold that non-mandatory instructions must be considered as a whole. It is our opinion that the trial court's preliminary instruction, setting forth Asher's complaint, satisfies the school's objection to the above quoted instruction.

The second instruction under consideration recited three statutes which the school describes as not being directly related to the issues. These statutes; IC 1971, 20-8-8-22, Ind. Ann. Stat. § 28-5341 (Burns 1970) ; IC 1971, 20-8-8-24, Ind. Ann. Stat. § 28-5343 (Burns 1970) ; and IC 1971, 20-8-27-1,

Ind. Ann. Stat. § 28-5724 (Burns 1970), state, in substance, that minor children are not permitted to work with circular saws unless they are students in a supervised manual training class working with a properly guarded machine. We view this instruction as being material in that it may benefit the jury in determining negligence under the facts of the case.

The remaining instruction relates to elements of damages to be considered by the jury. It is the school's position that there was no evidence to support recovery for lost earnings or deformity and disfigurement. Concerning the latter the record reveals that the jury saw Asher's hand. As to the former, the jury heard evidence regarding Asher's difficulty in securing employment and his failure to keep a job because of the injury. There was evidence before the jury to support the instruction on both elements of damage.

Additionally, the school contends that Asher, as an unemancipated child is not entitled to recover reasonable medical expenses. This contention is contrary to the long-standing and undisturbed holding of *Central Indiana Ry. Co.* v. *Clark* (1916), 63 Ind. App. 49, 112 N.E. 892.

## ISSUE 6

The school next raises the question that the $95,000 damages awarded to Asher is excessive.

This court, in *Richmond Gas Corporation* v. *Reeves* (1973), 158 Ind. App. 338, 302 N.E.2d 795, recently restated the test as to what constitutes excessive damages. Judge Lybrook stated:

"The damages therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. In short the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line, for they have not the standards by which to ascertain the excessive." 302 N.E.2d at 815.

Portions of testimony heard by the jury reveal that Asher's hand was a claw-like deformity; that he had undergone nine operations on the hand during two periods of hospitalization; that the hand tingles at all times and aches after use and during cold weather; that the hand cannot grip small objects; that Asher had to give up high school and vocational training courses requiring the use of the right hand; that he has had to give up employment because of the injury; that the injury is permanent and that Asher has a life expectancy of 54.91 years.

In view of the evidence we cannot say, as a matter of law, that the damages are excessive.

## ISSUE 7

The final error alleged by the school is that it is protected by the doctrine of governmental immunity. We disagree.

The school argues that it is included in the "vestige of governmental immunity" which remains after the holding in *Campbell* v. *State* (1972), 259 Ind. 55, 284 N.E.2d 733, popularly referred to as the case abrogating the doctrine of governmental immunity as a defense for the state. Some cases relied upon by the school, in our opinion, simply do not remain as viable authorities for their position. *See, e.g.* *Hummer* v. *School City of Hartford City* (1953), 124 Ind. App. 30, 112 N.E.2d 891 (a uniform rule of governmental immunity from tort liability exists for all involuntary governmental units). Other cases relied upon by the school (*Bush* v. *Smith* [1972], 154 Ind. App. 382, 289 N.E.2d 800. *Driscol* v. *Delphi Community School Corp.* [1972], 155 Ind. App. 56, 290 N.E.2d 769) were decided upon questions other than governmental immunity.

Assuming for the moment that a school district is a unit of state government, as opposed to a municipality, township, or county unit of government, it is our opinion that governmental immunity is not available to the school under the facts of this case. *Campbell, supra,* stated, inter alia,:

"[F]or one to have standing to recover in a suit against the state there must have been a breach of duty owed to a private individual." 284 N.E.2d at 737.

We are of the opinion that the school owed a duty of reasonable care to a student using an inherently dangerous[1] piece of equipment. Such being the case the school is not protected by the defense of governmental immunity.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 312 N.E.2d 131.

---

1. " 'Inherently dangerous' means that danger is contained in and is an inherent part of the constitution of the instrumentality or condition itself, at all times, in such a manner as to require special precautions to prevent injury, not simply danger arising from mere casual or collateral negligence of others. (Citing authorities)" *Neal, Admr.* v. *Home Builders, Inc.* (1953), 232 Ind. 160 at 174; 111 N.E.2d 280 at 287.