Robert A. BREWSTER, Betty A. Brewster, and Daniel E. Brewster, Appellants–Plaintiffs,

v.

Thomas RANKINS, Marie Rankins, Carl Wade, Warrick County School Corporation, and Warrick County Commissioners,[1] Appellees–Defendants.

No. 82A01–9203–CV–63.[2]

Court of Appeals of Indiana, First District.

Oct. 6, 1992.

---

**1.** Thomas Rankins, Marie Rankins, and the Warrick County Commissioners are not participating in this appeal.

**2.** This case was transferred to this office by order of the Chief Judge on September 10, 1992.

Glenn A. Grampp, Evansville, for appellants-plaintiffs.

Stephen Hensleigh Thomas and Douglas V. Jessen, Statham, Johnson & McCray, Evansville, for appellees-defendants.

## STATEMENT OF THE CASE

RATLIFF, Judge.

Robert A. Brewster, Betty A. Brewster, and Daniel E. Brewster ("Brewsters") appeal from a grant of summary judgment in their action for negligence damages in favor of Carl Wade ("Teacher") and the War-

rick County School Corporation ("School"). We affirm.

## ISSUES

We restate the issues on appeal as:

1. Do Teacher and School have a duty to instruct, train, and supervise a fourth-grade student's use of a golf club borrowed from School in the non-school activity of practicing a golf swing after school hours in the student's home to prevent injury to other children present at the student's home?

2. May Teacher and School be liable under a theory of negligent entrustment for permitting a fourth-grade student to borrow a golf club from School to take to his home to use to practice his golf swing where the student has received instruction at School on the safe use of a golf club, has practiced swinging a golf club in classes at School without incident, and is not known to have a propensity to swing golf clubs in a negligent manner?

## FACTS

In the spring of 1983, Jason Rankins was a nine year-old fourth-grade student at Elberfeld Elementary School, which is operated by School. As part of the elementary school curriculum, students were allowed to take an optional extra-curricular golf class taught by Teacher. During the classes, Teacher instructed the children regarding the safe use of golf equipment and observed their skills to ensure that they were practicing safely. Jason was enrolled in this course, and had completed most of the course work by May of 1983.

In the last week of the golf class students were allowed to take golf equipment home to practice their skills. Teacher allowed each student to take one golf club home, and stressed that they maintain the same safety rules which they had learned and practiced in the golf class work at school. Record at 361.

On May 23, 1983, Jason brought a golf club home to practice his swing. Jason's mother, Marie, was at home that day, as were her two children and two other chil-

dren for whom she babysat, Robert and Drew Brewster. Marie knew that Jason had brought the golf club home, and cautioned him to use care in practicing. Record at 579. Marie also helped the children locate a lost golf ball, but then returned to the house. At approximately 4:30 p.m., as she re-entered the house, Marie heard the children scream and ran back outside. Three year-old Robert had been struck in the head by the golf club as Jason practiced his swing.

The Brewsters brought suit against Teacher and School for negligence in failing to instruct, train, and supervise students in the safe use of golf equipment in allowing them to remove the equipment from School. Teacher and School moved for summary judgment, which was granted on November 14, 1991. This appeal ensued. Other relevant facts will be stated in our discussion of the issues.

## DISCUSSION AND DECISION

On appeal, we use the same standard as the trial court in evaluating the propriety of summary judgment. *Jackson v. Warrum* (1990), Ind.App., 535 N.E.2d 1207, 1210. Summary judgment is appropriate only if no material issue of fact exists and the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The movant bears the burden of proving the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed favorably to the non-movant. *Jackson*, 535 N.E.2d at 1210. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 54.

Summary judgment should not be used as an abbreviated trial and is rarely appropriate in negligence actions. *Jackson*, 535 N.E.2d at 1210–1211. However, issues of duty are questions of law for the court; thus, the question of Teacher and School's duties to Robert may have been proper for summary judgment proceedings. *See Robinson v. Kinnick* (1989), Ind.App., 548 N.E.2d 1167, 1168, *trans. denied.* The

record shows that the facts of the accident are not in dispute; rather, the parties disagree regarding the application of the law to the facts. The core issues are whether, as a matter of law, Teacher and School owed Robert a duty when the accident occurred and whether they negligently entrusted Jason with the golf club. Because no factual dispute exists, the only issues properly disposed of by summary judgment in the case at bar are the duty, if any, owed to Robert, and whether a negligent entrustment occurred. We find that Teacher and School owed Robert no duty when the accident occurred and the Brewsters have not satisfied the elements needed to prove a negligent entrustment, so the trial court properly granted summary judgment in favor of Teacher and School.

*Issue One*

The Brewsters claim that Teacher and School had a duty to supervise Jason's use of the golf club at his home to prevent injury to other children present at the Rankins's home. We disagree.

█ To establish negligence, a plaintiff must show: a duty owing from the defendant to the plaintiff; the defendant's failure to conform its conduct to the requisite standard of care required by the relationship; and, injury to the plaintiff proximately caused by such failure. *Rubin v. Johnson* (1990), Ind.App., 550 N.E.2d 324, 328–329, *trans. denied.* The Brewsters have failed to meet their threshold burden of showing that Teacher and School owed Robert a duty when the accident occurred.

█ There is a duty on school authorities to exercise reasonable care and supervision for the safety of the children under their tutelage. *Swanson v. Wabash College* (1987), Ind.App., 504 N.E.2d 327, 330. However, schools are not intended to be insurers of their students' safety, and they are not strictly liable to them for injuries

the students may incur. *Id.* The appropriate standard is whether school personnel exercised their duty with the level of care that an ordinary prudent person would exercise under the same or similar circumstances. *Dibortolo v. Metropolitan School District* (1982), Ind.App., 440 N.E.2d 506, 509.

█ Most Indiana cases dealing with the duties that schools and teachers owe to students involve accidents on school property, unlike in the present case in which Robert was injured in an accident which occurred off of School's property. *See e.g., Beckett v. Clinton Prairie School Corp.* (1987), Ind., 504 N.E.2d 552 (baseball player collided with another player during practice on school's field; held that participating in school activity under supervision of school personnel effects duty on school personnel to exercise reasonable care and supervision); *Norman v. Turkey Run Community School Corp.* (1980), 274 Ind. 310, 411 N.E.2d 614 (children injured when they collided on school playground during recess; held that school not liable because running on playground not dangerous or unusual condition, so no duty on teachers to warn of danger); *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701 (children injured during recess at school; held that although duty existed, no control over students established, so no breach of duty); *Dibortolo*, 440 N.E.2d 506 (students injured at school during physical education class; held that judgment on evidence error because conflicting evidence existed on possible breach of duty by teacher in failing to demonstrate jumping exercise). Here, Robert was injured by a golf club, borrowed from School with Teacher's permission, that Jason was using at his home. We thus find the cases dealing with accidents on school property inapposite.[3]

However, one Indiana case addressed a negligence claim regarding a student injury which occurred off of school property. In

---

**3.** Moreover, many of the cases on which the Brewsters rely are not relevant to the case at bar because they do not involve the threshold issue of schools and teachers and their duties to students in negligence actions. *See e.g., Koroniotis v. La Porte Transit, Inc.* (1979), Ind.App.,

397 N.E.2d 656 (negligence action for damages from motor vehicle collision); *Johnson v. Bender* (1977), 174 Ind.App. 638, 369 N.E.2d 936, *trans. denied* (wrongful death action brought by administratrix of jail inmate who died while incarcerated).

*Swanson*, 504 N.E.2d 327, a college student was injured in a recreational baseball practice and the school was not liable for such injuries. *Id.* at 331. The court reasoned that a number of factors warranted a finding of no duty by the school to the student to prevent this injury. *Id.* at 331. These factors included: a baseball team member organized the recreational team, which was not sponsored by the school; practices were held and games played in a city park, not on school property; and, there was no professional coaching assistance, supervision, or written guidelines for play. *Id.* Further, notwithstanding that the student organizing the team told the school of his plans, secured money from a dean to purchase baseballs for practice, and used some of the school's equipment, no duty could be shown. *Id.* at 328 and 331. Ultimately, we held that a school has no duty to supervise recreational athletic practices off of a school's premises such as those in *Swanson*. *Id.* at 331.

We find that our reasoning in *Swanson* is also applicable here. Like the team practices in *Swanson*, Jason's practice time at his home was conducted off of School's property using School's equipment, and, although School was aware of Jason's at-home practice time and gave him permission to take a golf club home, no professional coaching assistance, supervision, or written guidelines were given to Jason during his practices in his backyard. We find that these factual similarities warrant a finding of no duty in the circumstances of the case at bar. Teacher and School had no duty to prevent Robert's injury because, like the students in *Swanson*, Jason was practicing off of School's property, although with School's permission and equipment.

■ Additionally, we find that a golf club is not an unreasonably dangerous instrumentality, which could warrant the imposition of a duty on Teacher and School regardless of the environs in which it were used. *See Bush v. Smith* (1972), 154 Ind. App. 382, 386, 289 N.E.2d 800, 802, *trans. denied* (school athletic equipment, here, bamboo high-jumping pole, with which stu-

dent was injured during unsupervised exercise after school hours on school property, not inherently dangerous instrumentality; thus, no strict duty imposed on school to supervise to prevent equipment's misuse and subsequent injury); *cf. Rowan v. State* (1982), Ind., 431 N.E.2d 805, 812 (any object heavy enough to cause fatal blow may be deadly weapon, since test is manner in which object used when committing crime); *Kidwell v. State* (1967), 249 Ind. 430, 433–34, 230 N.E.2d 590, 592, *cert. denied*, 392 U.S. 943, 88 S.Ct. 2326, 20 L.Ed.2d 1405 (whether particular object is or is not dangerous or deadly weapon depends in many cases on manner in which it is used). We note that our resolution of this question is consistent with persuasive authority from other states. Those courts have also held that a golf club is not an unreasonably dangerous instrumentality. *See Lubitz v. Wells* (1955), 19 Conn.Supp. 322, 323, 113 A.2d 147, 147 (golf club is not "obviously and intrinsically dangerous"); *Patterson v. Weatherspoon* (1976), 29 N.C.App. 711, 714, 225 S.E.2d 634, 637 (golf putter is not "dangerous instrumentality *per se* ").

Thus, we find that Teacher and School owed Robert no duty when the accident occurred because the accident occurred off of School property and, although Teacher and School acquiesced in the golf club's use, the activity was not supervised by School or its officials; and, furnishing Jason the golf club would not effect a duty even if control or supervision were established because a golf club is not an inherently dangerous instrumentality. The trial court properly entered summary judgment on this basis.

*Issue Two*

The Brewsters also claim that Teacher and School are liable for Robert's injuries under a theory of negligent entrustment. The Brewsters have failed to meet all of the elements necessary to sustain their claim.

■ To prove a claim of negligent entrustment, the plaintiffs must prove: an entrustment; to an incapacitated person or one who is incapable of using due care; with actual and specific knowledge that the

person is incapacitated or incapable of using due care at the time of the entrustment; proximate cause; and, damages. *Johnson v. Patterson* (1991), Ind.App., 570 N.E.2d 93, 97. We note that in Indiana, application of the negligent entrustment doctrine has thus far been limited to those situations involving automobiles and firearms. *See e.g., id.* (shotgun); *Stocker v. Cataldi* (1985), Ind.App., 483 N.E.2d 461 (automobile). However, the theory of negligent entrustment "does not hinge on the nature of the chattel or instrumentality, but on the supplying of the chattel for probable negligent use." *Patterson*, 570 N.E.2d at 96. We see no reason to restrict the application of this doctrine to those situations involving automobiles and firearms.

 Assuming the applicability of the negligent entrustment doctrine to golf clubs, the Brewsters fail to meet all of the necessary elements to prevail on their claim. Initially, we find that the Brewsters have established an entrustment of the golf club to Jason. Jason had permission from Teacher to remove the golf club from School and retain it in his possession to practice his golf swing at home after school hours. *See* Record at 357–61. Thus, we find that the Brewsters have fulfilled the first element of their claim.

The Brewsters may possibly meet the second element required, namely, that Jason was incapable of using due care in practicing with the golf club. The Brewsters essentially argue that Jason, by virtue of his young age, was incapable of using due care in practicing at his home with the golf club. *See* Appellant's Brief at 13–14. Although the Brewsters may have been able to prove this element at trial, because they have failed to show under the undisputed facts the next required element to support their claim, our resolution of this element is not relevant to the merits of their claim.

Even if the Brewsters could show that Jason was incapable of exercising due care in using the golf club, the Brewsters cannot show that Teacher and School had actual and specific knowledge that Jason was incapable of using due care at the time they entrusted him with the golf club. *See Patterson*, 570 N.E.2d at 97. In golf classes at School, Jason was instructed on the safe use of golf equipment, and when he was entrusted with the golf club to take to his home, Teacher cautioned him to continue to abide by the safety rules he had learned in the classes. *See* Record at 348–62. Jason had not displayed any signs of careless or dangerous behavior in classes, *see* Record at 351–53, so there was no way that Teacher or School could have had actual and specific knowledge that Jason was incapable of exercising due care in this circumstance, even if we were to find that Jason was incapable of exercising such care, which we do not hold. *See Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164, 168, *aff'd*, Ind., 543 N.E.2d 627 (mere showing of entrustment, without showing that driver entrusted with vehicle was incompetent or that one who entrusted driver with vehicle knew of alleged incompetence, is insufficient basis for negligent entrustment claim); *cf. Sutton v. Sanders* (1990), Ind. App., 556 N.E.2d 1362, 1365 (owner of vehicle charged with negligent entrustment must have actual and immediate knowledge of driver's unfitness to drive at time of entrustment to prevail on negligent entrustment claim; here, showing that one who entrusted driver with vehicle was aware that driver had been drinking alcohol before driving presented factual issue warranting trial, so summary judgment improper).

This holding also comports with persuasive authority from other jurisdictions which have addressed similar negligent entrustment issues involving golf clubs. *See Willbanks v. Brazil* (1983), Ala., 425 So.2d 1123, 1125 (no negligent entrustment where parent entrusted golf clubs to eight year-old child because one does not have reason to know that ordinary eight year-old child will likely use golf clubs in manner involving unreasonable risk of harm to others); *Poythress v. Walls* (1979), 151 Ga. App. 176, 177–78, 259 S.E.2d 177, 178 (parents not liable for entrusting golf club to child because no evidence that they were negligent in furnishing golf club with any

knowledge that it was likely third party would be injured therewith).

Therefore, the Brewsters's negligent entrustment claim fails because although they have shown an entrustment, they cannot show that Teacher and School had actual and specific knowledge of Jason's alleged incapability to use due care in practicing with the golf club at his home. The trial court thus properly granted summary judgment on this basis, also.

Affirmed.

BAKER and BARTEAU, JJ., concur.