[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Velda Geter, filed a one-count complaint on April 20, 1992, seeking to recover for physical injuries allegedly sustained as a result of a slip and fall incident in the home of the defendants, Ahmed and Tresa Amrani. The plaintiff alleged that on October 11, 1991, while employed as the defendants' nanny, the defendants' 18 month old child threw a small toy into the plaintiff's path which caused the plaintiff to slip and fall onto a hardwood floor. The plaintiff alleged that the defendants breached their duty to provide her with a safe work environment because they allowed their children to play with small toys that could be thrown and scattered about. The plaintiff also alleged that the defendants were negligent because they "did not restrict the childrens' playing area or instruct the plaintiff that the children should be so limited." See paragraph 4 of the Complaint.
On June 8, 1992, the defendants filed an answer, along with a special defense which alleged contributory negligence on the part of the plaintiff. The plaintiff filed an answer to the special defense on August 10, 1992.
On February 2, 1993, the defendants filed a motion for summary judgment (#104), along with a supporting memorandum of law, the affidavits of Ahmed and Tresa Amrani, and excerpts of the plaintiff's deposition testimony. The plaintiff did not file any objection or memorandum in opposition to the defendants' motion.
The defendants' sworn affidavits state the following: (1) that the defendants did not entrust their child with a dangerous instrumentality; (2) that their child never exhibited any vicious or destructive tendencies; (3) that the defendants have CT Page 5316 made reasonable efforts to control their child; and (4) that, at the time of the alleged incident, the plaintiff was responsible for the care and supervision of the defendants' children. The plaintiff did not submit any evidence or affidavits which dispute or contradict the defendants' affidavits.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). A material fact is one that will make a difference in the case. Yanow v. Teal Industries, Inc.,178 Conn. 262, 268-69, 422 A.2d 311 (1979). The court's function, in ruling on a motion for summary judgment, is to determine whether an issue of material fact exists, not to resolve such issues. Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752
(1982). The motion should be denied unless the evidence is such that no room for disbelief could exist in the minds of the jurors. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc.,196 Conn. 91, 111, 491 A.2d 368 (1985).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991). If the party opposing the motion does not respond, by affidavit or as otherwise provided by Practice Book 380, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115
(1983).
In support of their motion for summary judgment, the defendants assert that they are not liable for their child's tort because they did not entrust a dangerous instrumentality to their child, and they do not have any knowledge that their child possesses dangerous or vicious tendencies. Thus, the defendants contend that they are not liable to the plaintiff as a matter of CT Page 5317 law. It is well-established in this state that a parent at common law is not liable for his child's tort unless the parent either makes a dangerous instrumentality available to the child which the child is incapable of handling or the parent fails to control a child's known dangerous propensities. See generally Wright, Connecticut Law of Tests (2d Ed.) 77; LaBonte v. Federal Mutual Ins. Co., 159 Conn. 252, 256, 268 A.2d 663
(1970); Lutteman v. Martin, 20 Conn. Sup. 371, 373, 135 A.2d 600
(Ct. Common Pleas 1957).
"A `parent . . . may be negligent in entrusting to a child a dangerous instrument such as a gun, or a thing which he has shown a propensity to misuse, such as matches. . . .'" (Citation omitted.) Jarboe v. Edwards, 26 Conn. Sup. 350, 354,223 A.2d 402 (Super.Ct. 1966). Parents may also be liable for torts committed by their minor children in situations where the parents "have failed to restrain their children who they know possess dangerous tendencies." (Citations omitted.) Id., 355. (Defendants held liable for tort committed by their minor son because they had the ability to control him and because they knew or should have known of the need to control him because of his fascination with fire and his propensity to play with matches.)
A small toy, specifically in this case a little red peg, is not a dangerous instrumentality and, therefore, the defendants did not entrust their minor child with dangerous instrumentality by allowing him to play with it. See Lubitz v. Wells, 19 Conn. Sup. 322,323, 113 A.2d 147 (Super.Ct. 1955) (A golf club is not "obviously and intrinsically dangerous," even when parent left it in a back yard where children could play with it). Further, there is no evidence: (1) that the defendants' minor child had a propensity to misuse his toys in a manner which would have endangered the plaintiff; (2) that the defendants' minor child exhibited vicious or dangerous tendencies; (3) that the defendants failed to restrain or control a dangerous or vicious minor child; or (4) that the defendants should have known of the need to control their minor child. Rather, the undisputed evidence is that the plaintiff, who was entrusted with the case of the defendants' 18 month old child, in fact knew the child had a little red peg in his hand and was playing with it just prior to the time he allegedly threw the peg in her path. See Deposition Transcript pp. 33-34. The plaintiff should have reasonably expected such behavior from an 18 month old child. Thus, the undisputed material facts establish no CT Page 5318 parental liability for the child's behavior here.[1]
The plaintiff apparently sought to circumvent these well-established principles regarding parental liability for the torts of children by attempting to frame her complaint to allege a violation by the defendants of their duty to her as an invitee on their premises. "The measure of duty owed the plaintiff by the defendant with respect to the condition of the premises was the exercise of reasonable care to have and keep them reasonably safe for the reasonably to be anticipated uses which [she] would make of them." Ford v. Hotel Restaurant Employees Bartenders Union, 155 Conn. 24, 33, 229 A.2d 346 (1967) as quoted in Frankovitch v. Burton, 185 Conn. 14, 21, 440 A.2d 254
(1981). To recover for any breach of this duty, the plaintiff had to allege that the defendants had notice, either actual or constructive, of the specific unsafe condition which caused her fall. LaFaive v. DiLoreto, 2 Conn. App. 58, 60, 476 A.2d 626
(1984). However, the plaintiff's complaint alleges only that the defendants breached their duty to her in "that they allowed their children to play with toys and parts thereof which were liable to be hazardous to the plaintiff in that they could be easily thrown and scattered about by the children. Also the defendants did not restrict the children's playing area or instruct the plaintiff that the children should be so limited." See paragraph 4 of the Complaint. Since at the time of the incident it was the plaintiff who had sole responsibility for the care and supervision of the children, including the child who allegedly caused her injury, the undisputed material facts establish no breach of duty.
For the foregoing reasons, the defendants motion for summary judgment is granted.
LINDA K. LAGER, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 5319-C