**TRI–CENTRAL HIGH SCHOOL, d/b/a Northern Community School Corporation; Howard Community Hospital; and Kokomo Accounts Services, Appellant–Defendant,**

v.

**Joshua Joe MASON, Appellee–Plaintiff.**

No. 34A05–0003–CV–123.

Court of Appeals of Indiana.

Nov. 21, 2000.

---

John P. Daly, Jr., Indianapolis, Indiana, Attorney for Appellant.

Dan J. May, Kokomo, Indiana, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge

Defendant Appellant Tri–Central High School, d/b/a Northern Community School Corporation ("Tri–Central") brings this interlocutory appeal of the trial court's grant of partial summary judgment in favor of Plaintiff Appellee Joshua Joe Mason ("Mason"). We reverse and remand.

The designated evidence discloses that Mason was a student at Tri–Central during the 1996–97 school year. In order to participate in varsity football, Mason was required to complete a "Student/Parent Participation Form." This form consisted of Section 1 requiring the student or parent to provide personal information; Section 2 providing the text of an I.H.S.A.A. participation rule and outlining certain potential disciplinary actions; Section 3 outlining the terms of parental permission; and Section 4 dealing with insurance coverage. Section 4 of the form "encouraged all participants" to "have health and accident insurance" and provided a space for the listing of any insurance coverage. Section 4 also provided:

> I assume any expenses for liability not covered by the above insurance pro-

gram/medical coverage for injury received by the above named student while participating in organized athletics and accept full responsibility for medical and hospital expenses and other related expenses incurred *by my child/ward*.

The Tri–Central Athletic Department has provided for all participants in interscholastic sports activities, grades 9–12 inclusive, insurance against catastrophic injuries.

I/We release the school and its employees and agents from any liability for any injuries suffered while *my child* is participating in athletics.

The undersigned shall be responsible for furnishing the athletic department of Tri–Central High School with any changes in the above information.

(R. 74). (emphasis supplied).

Mason completed the "information" portion of the form, listing his name, age, name of parent, address, and telephone. He also wrote "none" in the blank next to the portion of Section 4 asking for insurance coverage. The signature line for "Parent/Guardian" was left blank, but the signature line for "Student" bears Mason's signature. His signature indicates that "[he has] read and understand[s] the information on this form and agree[s] to the terms thereof." (R. 74). The parties agree that the form was signed on August 13, 1996, and that Mason was eighteen at the time he signed the form.

On August 17, 1996, Mason suffered a broken leg during a football scrimmage in which he was playing for Tri–Central. Mason sought to have the resultant medical expenses of approximately $22,000.00 paid through the catastrophic insurance coverage provided by Tri–Central. The insurer informed Mason that the $1,000,000 policy for catastrophic injuries included a $25,000.00 deductible.

Mason filed a complaint against Tri–Central and the alleged provider of catastrophic insurance, Indiana Insurance Company. He also joined Howard Community Hospital and Kokomo Accounts Services as defendants.[1] In Count I, Mason alleged that Tri–Central was negligent in not adequately supervising the scrimmage game. In Count II, he alleged that Tri–Central committed fraud by inducing Mason to waive his right to sue in return for a false, illusory promise of insurance coverage for catastrophic injuries. In Count III, he requested a declaratory judgment that responsibility to pay the medical expenses rested with Tri–Central and/or Indiana Insurance. Finally, in Count IV he alleged that Tri–Central had made an implicit agreement to provide insurance for his "catastrophic" knee injury.

Tri–Central filed a motion for summary judgment. In the motion, Tri–Central alleged that it was not negligent in its supervision of Mason during the football scrimmage. Tri–Central also alleged that Mason incurred the risk of injury. Tri–Central further alleged that as a matter of law it did not commit fraud through the provision of illusory coverage, and it designated evidence to show that it did purchase catastrophic injury insurance and that Mason indicated in his deposition that he had neither read nor relied on Section 4 of the "Student/Parent Participation" form. Finally, Tri–Central alleged that as a matter of law Section 4 of the "Student/Parent Participation" form contained a valid release of liability.

In response to Tri–Central's motion, Mason designated evidence and filed a counter-motion for summary judgment. In his motion, Mason voluntarily abandoned his claim that Tri Central was negligent in its supervision during the scrimmage game. Mason alleged that as a matter of law Tri–Central failed in its unambiguous promise to provide insurance

1. Indiana Insurance Company, Howard Community Hospital, and Kokomo Accounts Ser-   vices are not parties to this appeal.

against catastrophic injuries. Mason based his allegation on the theory that "[t]he contract to provide insurance is on a boiler-plate form provided by, prepared by, and required by [Tri–Central] and is to be construed in favor of coverage, most strongly against [Tri–Central] and in favor of the party having unequal bargaining power, [Mason], plaintiff herein." (R. 180). Mason also alleged that as a matter of law the release was ineffective because it spoke in terms of a parent releasing the school from liability, not the student/athlete releasing the school. Finally, Mason alleged as a matter of law that Tri–Central committed fraud by forcing Mason to sign the form "with the illusory promise of provision of insurance for 'catastrophic injuries' without explaining or disclosing or limiting the dollar amount of such insurance, and without explanation to naive parents or students who were forced to fill out the form."

The trial court granted partial summary judgment in favor of Mason. In so doing, the trial court reasoned that Section 4 of the "Student/Parent Participation" form was not ambiguous and that Tri–Central "was the insurer of the participant against catastrophic injuries and that there was no limit placed by the contract." (R. 231).

■ The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *LeBrun v. Conner*, 702 N.E.2d 754, 756 (Ind.Ct.App. 1998). The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact. Ind.Trial Rule 56(C); *Campbell v. Criterion Group*, 613 N.E.2d 423, 428 (Ind. Ct.App.1993), *on reh'g* 621 N.E.2d 342. Once the moving party makes a prima facie showing of the non-existence of a genuine issue of material fact, the burden shifts to the non-moving party to set forth specific facts showing the existence of a genuine issue for trial. T.R. 56(E); *Campbell*, 613 N.E.2d at 428.

■ There is a duty on school authorities to exercise reasonable care and supervision for the safety of the students under their tutelage. *Brewster v. Rankins*, 600 N.E.2d 154, 157 (Ind.Ct.App.1992). However, schools are not intended to be insurers of their students' safety, and they are not strictly liable to them for injuries the students may incur. *Id.* Accordingly, the only way that Tri–Central is responsible for the provision of insurance in this case is if it contracted to provide coverage through Section 4 of the "Student/Parent Participation" form.

■ Interpretation of a written contract is a question of law for which summary judgment is particularly appropriate. *Whiteco Industries, Inc. v. Nickolick*, 571 N.E.2d 1337, 1339 (Ind.Ct.App.1991), *trans. denied.* When interpreting a written contract, a court will endeavor to ascertain the parties' intent by language used in the agreement to express obligations. *Id.* at 1340. If the contract is unambiguous, a court will not look beyond the four corners of the document to determine the parties' intent. *Peter C. Reilly Trust v. Anthony Wayne Oil Corp.*, 574 N.E.2d 318, 320 (Ind.Ct.App.1991).

■ We agree with the trial court that the language of Section 4 is unambiguous, although we note that the form is not exactly a model of clarity. We disagree, however, with the trial court's interpretation of the unambiguous language. The language of Section 4 clearly indicates that the section is directed only to the parent or parents of a student/athlete. The "release" portion of the section refers to accepting full responsibility for the medical and hospital expenses incurred by "my child/ward." It also refers to release from any liability for injuries suffered "while my child" is participating in athletics. Sandwiched between these two references is the sentence informing the parent or parents that Tri–Central has provided insurance "against catastrophic injuries." Common sense tells us that in this sentence Tri–Central was merely informing the par-

ent or parents that it was gratuitously providing such insurance. However, to the extent that this sentence can be interpreted as an offer, it is an offer to only the parent or parents of the student/athlete. In this case, Mason's parent or parents did not accept the offer by signing the document. Accordingly, there is no contractual obligation upon which to find that Tri–Central is obligated to pay for Mason's medical expenses.[2]

Even though he was eighteen at the time he signed the document, Mason could not accept an "offer" made only to his parent or parents. His signature indicates only his agreement to the portion of the form that was directed to his attention, i.e. Section 2 describing the I.H.S.A.A.'s disciplinary rule.

Furthermore, to the extent that the representation of insurance coverage in Section 4 is misleading, it is misleading only to the party or parties to whom it is directed, Mason's parent or parents. Mason has no basis for his fraud claim.

As a matter of law, there is no basis for Mason's claims. Accordingly, we reverse the grant of partial summary judgment for Mason and remand with instructions that the trial court grant summary judgment for Tri–Central.

DARDEN, J., and NAJAM, J., concur.

---

2. The absurdity of reading Section 4 as an "offer" to a student/athlete is illustrated by Mason's claims on appeal that "[t]he release form clearly was intended for [Mason] to release [Tri–Central] for liability for [Mason's] 'child/ward/' not [Mason]" and that "[t]he re- lease/contract form clearly was intended that [Mason] assume expenses for medical coverage and be responsible for medical expenses for [Mason's] 'child/ward,' not [Mason]." Appellee's Brief at 11.