## BASS, RECEIVER, v. REITDORF.

[No. 3,237. Filed Oct. 5, 1900. Rehearing denied Nov. 27, 1900.]

NEGLIGENCE.—*In Construction of Swimming Pool at Public Park.— Action for Death.—Complaint.*—In an action by a parent for the death of a son, the complaint alleged that a railroad company, for which the defendant was acting as receiver, owned and operated for profit a park; that located in the park was a body of water held out to the public as a suitable place for bathing, swimming, and diving; that defendant had negligently left concealed under the surface of the water certain timbers; that plaintiff's son, desiring to bathe in the water thus provided, and, being ignorant of the concealed timbers, leaped head foremost into the water, striking the timbers, sustaining injuries from which death resulted; that the defendant was conducting the business of the park under the order and direction of the court. *Held*, that the complaint stated a good cause of action. *pp. 650-652.*

SAME.—*Contributory Negligence.*—The receiver of a railroad company was operating for profit a public park owned by such company, in which park there was a body of water held out to the public as a suitable place for bathing. A plank walk with rope barriers about three feet high was thrown around a portion of the bathing place, forming an inclosed pool. Notices were posted in conspicuous places in the adjoining bath-house as follows: "Bathers who are not good swimmers must not go outside of the pool. Good swimmers do so at their own risk." A boy sixteen and one-half years old, able to read the English language, an active diver and swimmer, stood on the walk and dived over the guard rope into the water outside the pool. His body came in contact with obstructions concealed beneath the water, and unknown to him. *Held*, that the boy was guilty of such contributory negligence as to bar a recovery for his death resulting therefrom. *pp. 652-654.*

From the DeKalb Circuit Court. *Reversed.*

*J. M. Barrett* and *S. L. Morris,* for appellant.

*L. M. Ninde, D. B. Ninde, H. W. Ninde, L. J. Ninde, F. S. Roby* and *S. A. Harper,* for appellee.

ROBINSON, C. J.—Suit for damages for the negligent killing of appellee's son. Demurrer to complaint overruled. Answer of general denial. Trial by jury, verdict in appel-

lee's favor and answers to special interrogatories. Motion by appellant for judgment on the answers overruled. Judgment. The errors assigned question the sufficiency of the complaint, and the legality of denying appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict.

The complaint avers that the Fort Wayne Consolidated Railway Company owned and managed divers lines of road and also a large park on the St. Joseph river, which park was constructed and managed by the company for profit, and to which it operated a branch of its road; that a receiver was appointed by the court and took possession of the company's property including the park and branch line leading thereto, and under order of the court proceeded to operate the road and carry on and conduct the business of the park as a place of common resort for pleasure for the people; that located in the park and as a part of the river was a body of water held out to the public as a suitable and safe place for bathing, swimming, and diving; that appellants had failed and neglected to remove from this body of water certain pieces of timber, stumps, and logs, but left the same concealed therein under the surface of the water and which were out of sight and unknown to appellee's son; that on a day named appellee's son went upon the planks and appliances along the water, prepared and maintained by appellants for the accomodation of persons engaged in bathing, swimming, and diving, being ignorant of the dangerous logs, stumps, etc., and as was the custom in such exercises, in the usual and ordinary way, leaped head foremost into the water striking such logs, stumps, etc., resulting in his death. The objections to the complaint are involved in the denial of the motion for judgment on the answers to interrogatories and all may be considered together.

It appears from the special answers that in April, 1897, one Phillips and appellant, receiver, entered into an agreement whereby Phillips erected and conducted at his own

expense a bath-house and float pool in the park for the purpose of giving swimming lessons; the float and pool to be constructed and maintained according to plans submitted by appellant. A stipulated scale of prices to be charged was set out, appellant furnished a ticket seller at its own expense, and paid over to Phillips weekly eighty-five per cent. of the proceeds and retained the other fifteen per cent.

It is argued that as the special answers show the pool was in the exclusive possession of Phillips, there can be no liability on the part of appellant. Upon this question the answers conflict, one saying that Phillips had exclusive control, and another that the pool was maintained by appellant in connection with Phillips. The answers very clearly show that there was a contract relation between appellant and Phillips, and that each was to derive his reward from the profits of the business as such. The proceeds, whether much or little, and which were to be divided in a certain way, constituted the only source of profit or compensation to either party. In the prosecution of the common enterprise each was the other's agent and as to third persons each was liable for the other's omissions or faults. *Stroher* v. *Elling,* 97 N. Y. 102.

The complaint avers that the receiver took charge of the park upon the order of the circuit court and conducted the business of the park under the order and direction of the court. The general verdict finds these averments to be true and there is nothing in the answers in conflict with that finding. Were this a suit upon an executory contract made with a receiver the rule declared in *Brunner* v. *Central Glass Co.,* 18 Ind. App. 174, would apply.

It is further argued that the special answers show that the decedent was guilty of contributory negligence. The float pool was forty by twenty feet and was surrounded by a board walk along the outside of which were stretched ropes about three feet high. The ropes were not for the purpose of requiring bathers and swimmers to stay inside of the pool

and defining the line of the pool but to protect small boys from falling into deep water. Posted in the rooms of the bath-house, where it could be easily read, and in a number of conspicuous places about the pool and where they could be seen, were notices to the effect, among other things, that "bathers who are not good swimmers must not go outside the pool; good swimmers do so at their own risk"; there were forty-eight of these notices, one of which was in the room of the bath-house used by decedent. Decedent, sixteen and a half years old, active and strong, able to read the English language, an experienced swimmer and diver, having bought a ticket and rented a bathing suit, stood on the walk and dived over the guard rope into the river on the outside of the pool. He had had his attention called to obstructions which he thereafter avoided, but was injured by coming in contact with an obstruction other than any to which his attention had been called and of whose existence he did not know; he had never encountered the obstruction in diving prior to that time; before diving he did not know there were obstructions in the river at that place; objects in the bottom of the river at that point, which was five to six feet deep, could not be seen because of the muddy water; the obstruction which caused decedent's death was not visible or discoverable without diving into the river and could not have been seen by looking at or into the water.

The general verdict finds that the place where the injury occurred was held out by appellant as a suitable place for bathing, swimming, and diving. There is no direct averment that the place was generally used by the public for these purposes. Even conceding it might have been shown under the issues formed and thus be held to be found by the general verdict as against special answers, that the place was habitually used by patrons of the park, with appellant's knowledge, prior and up to the time of the injury, that would not be equivalent to a finding that the notice was disregarded and abandoned by appellant. It is true there is a

finding that there was no evidence that the notice could be easily seen and read by persons desiring to swim in the swimming pool. This does not necessarily negative the finding that notices were posted in each room of the bath-house where they could be easily read and that there was such a notice in the room decedent used. The findings clearly show that notices were so posted, that decedent must have seen them had he looked. The fact that appellant gave such notice negatives the averment of the complaint found as a fact by the general verdict that appellant held the place out to the public as a suitable place for bathing and swimming. The notice was to all classes of persons. For some reason, undisclosed by the notice, it was not considered a safe place for any one to go. Persons who were not good swimmers were told they must not go outside the pool, and persons who were good swimmers were told that if they did go outside the pool they did so at their own risk. Appellant's motion for judgment should have been sustained.

Judgment reversed, with instructions to sustain appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict.