## SPURLIN *v*. STATE OF INDIANA.

[No. 23,351. Filed November 6, 1919. Rehearing denied April 9, 1920.]

1. WITNESSES.—*Impeachment.*—*Opinions.*—In a prosecution for assault and battery with intent to kill, it was not error to refuse to permit the defendant's witness to answer an impeaching question as to whether the wife of the prosecuting witness had said before trial that if her sister had not been present there would have been no trouble, as the defendant and her husband were talking quietly until the sister interfered, where the alleged statment involved no contradiction of the wife's testimony on the trial; and furthermore, it was merely an opinion. p. 275.

2. HOMICIDE.—*Self-Defense.—Freedom from Fault.*—In a prosecution for assault and battery with intent to kill, instructions on self-defense, to have been proper, should have required a finding that the defendant was without fault, or did not use excessive force. p. 276.

3. CRIMINAL LAW.—*Instructions.—Erroneous Requests.—Duty of Court.*—The fact that the court was requested to give instructions that attempted to apply general propositions of law to specifically recited facts did not impose on the court the duty, if the proffered instructions were improper, to give other instructions making such specific application. p. 276.

4. HOMICIDE.—*Self-Defense.*—In a prosecution for assault and battery with intent to kill, requested instructions on self-defense omitting the element as to whether the defendant was in a place where, so far as his assailant was concerned, he had a right to be when attacked, were insufficient. p. 277.

5. CRIMINAL LAW.—*Instructions.—Repetition.*—In a prosecution for assault and battery with intent to kill, requested instructions as to what was necessary to justify conviction, and distinguishing between such requirements and facts permitting the jury to find guilt of simple assault, were properly refused, in view of other instructions on the point, and the record showing the refusal to be harmless. p. 277.

From the Marion Criminal Court (46,681); *Henry N. Spaan,* Special Judge.

Prosecution by the State of Indiana against Albert D. Spurlin. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Hurst H. Sargent, Kealing & Hugg* and *H. B. Skillman,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for the state.

HARVEY, J.—Appellant was convicted upon an indictment returned by the grand jury of Marion county, charging him with assault and battery with intent to kill.

The error relied upon for reversal is the overruling of defendant's motion for a new trial.

The first ground urged is that the court refused to permit a witness for defendant to answer a question tending, as claimed, to impeach the wife of the prosecuting witness as a witness. The substance of the impeaching question was whether she had not before the trial said that if her sister had not been present there would have been no trouble, as the defendant and her husband were talking quietly until her sister interfered; the state's objection being that such declaration, if made, was made several days after the occurrence charged in the indictment, was not part of the *res gestae,* was simply an opinion of the witness sought to be impeached, and was upon a collateral matter.

We do not find that the court's ruling excluding an answer to the impeaching question was erroneous. If said witness did state out of court what the impeaching question suggests, such statement did not contradict her testimony on the trial, which was to the effect that defendant and prosecuting witness were not quarreling; but one was stating his efforts to vacate the house, and asking for time to complete his arrangements, and the other was positively asserting that he would grant no time, and that the trouble began after the sister had taken part in the conversation. The two statements are in substance and effect the same. The only other element of the impeaching question was as to the opinion of the witness that there would have been no trouble if her sister had not been present. This contradicts nothing stated by the witness on the trial, and, being an

opinion, it involves no fact which the witness sought to be impeached stated in her testimony.

The defendant depended mainly upon an effort to establish self-defense, and as a part of this effort tendered the court instructions Nos. 10, 12, 14 and 23, all of which instructions were intended to recount circumstances tending to show self-defense, and each was intended to be complete in itself in that respect, and each and all instructed the jury that if the recited circumstances were found to be established by the evidence, the defendant should be acquitted. Each of these instructions omits to advise the jury that it must, in addition to the named circumstances, find that the defendant was without fault, or that he did not use excessive force.

These two propositions are especially pertinent in this case. Under the circumstances shown by the record, these tendered instructions should have informed the jury that as elements of self-defense, it was necessary that they find defendant without fault, and that he did not use excessive force. The court in general language, in other instructions, very clearly defines self-defense, and fully instructed the jury upon that subject, although the court did not make specific application of the doctrine by a recital of the facts. The fact that the court was requested to give instructions which attempted to apply general propositions of law to specifically recited facts did not impose upon the court the duty, in event the proffered instructions were improper, to give other instructions making such specific application.

Furthermore, said requested instructions Nos. 12,

14 and 23 omitted to submit to the jury, as an element of self-defense, the question whether defendant had a right, so far as his assailant was concerned, to be where he was when, as he claims, he was attacked. Such omissions render each of said instructions insufficient.

The instructions above referred to were properly refused.

The defendant complains of the court's refusal to give to the jury instructions Nos. 21 and 22 asked by the defendant. It was evidently the desire of defendant's counsel, in asking these two instructions, that the jury be informed, not only what is required to justify the conviction of the defendant on a charge of assault and battery *with intent to kill* but to make a distinction between said requirements and such facts and circumstances as would allow the jury to find him guilty of simple assault *without intent.* Having very carefully considered the instructions given, and the fact that the court defined the greater and the lesser offense embodied in this indictment, and told the jury that, according as they found facts to exist, they might find the defendant guilty of one or the other of these offenses; that the court further instructed the jury how to make the distinction between such offenses; and that the court submitted to the jury carefully prepared forms of verdict based on said distinction, and instructed the jury to use the form which expressed its conclusion after it had made such distinction, we are satisfied that no error was committed in refusing to further instruct the jury on said point, as asked in the instructions Nos. 21 and 22.

If there be doubt whether the substance of said tendered instructions is so covered, still, in view of the whole record, we are satisfied that said tendered instructions, if they had been given, would not have added to the information of the jury sufficiently to have produced a different result.

The judgment of the trial court is affirmed.