**WAL–MART STORES, INC.,**
**Appellant–Defendant,**

v.

**Ruth Ann WRIGHT, Appellee–Plaintiff.**

**No. 29A05–0009–CV–403.**

Court of Appeals of Indiana.

Sept. 10, 2001.

George T. Patton, Jr., Bryan H. Babb, Bose McKinney & Evans LLP, Eric A. Riegner, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellant.

Karl L. Mulvaney, Nana Quay–Smith, Candace L. Sage, Bingham Summers Welsh & Spilman LLP, James H. Young, Young & Young, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant Defendant, Wal–Mart Stores, Inc. (Wal–Mart), appeals the trial court's $420,000.00 judgment in favor of Appellee Plaintiff, Ruth Ann Wright (Wright).

We affirm.[1]

### ISSUE

Wal–Mart raises two issues on appeal, which we consolidate and restate as follows: whether the trial court's Final Instruction 17 was an improper statement of law, which incorrectly changed the standard of care.

---

*FACTS AND PROCEDURAL HISTORY*

On July 9, 1994, Wright slipped and fell in a puddle of water while shopping in the Outdoor Lawn and Garden Corral of a Wal–Mart store located in Carmel, Indiana. On July 2, 1996, Wright filed a complaint against Wal–Mart for personal injuries, alleging that Wal–Mart and/or its agents were negligent as a matter of law in their maintenance, care and inspection of the premises.

On June 19–21, 2000, a jury trial was held on this matter. At trial, by joint stipulation of the parties, various rules, policies, practices and procedures (hereinafter collectively referred to as the "Store Manual") were admitted into evidence. The Store Manual contained numerous measures for correcting floor spills and/or hazards.

Richard Hancock (Hancock), an assistant manager of a Wal–Mart store in Martinsville, Indiana, testified at trial. On cross-examination, the following exchange took place between Wright's counsel and Hancock:

Q  And if I could refer you to page 10 and the heading is "Floor Hazards." Can you read the first three bullet points there?

\* \* \*

A  "Every associate is responsible to look for and correct floor hazards. It does not matter where you may find a floor hazard. It is your responsibility to stay with and guard the hazard until you have corrected it or seen it corrected."

Q  And so the safety manual itself when it talks about floor hazards says it doesn't really matter where you see a floor hazard, if there is one you have to deal with it; correct?

---

1. Oral Argument was held on August 6, 2001, at The Deaf School, Indianapolis, Indiana, with the Indiana State Fair 4–H Youth Leadership Conference in attendance.

A  That would depend on your definition of floor, sir. I don't consider a parking lot a floor. However, I will say that that probably should be used as a guide to clean up anything that would be considered a hazard. A reasonable attempt should be made.

(R. 1390–1391).

Additionally, Shellie Nye (Nye), a former Wal-Mart employee, testified at trial. Nye was questioned about the parts of the Store Manual concerning floor hazards and spills. She was asked if those parts of the Store Manual were applicable, in July 1994, to the areas of the Outdoor Lawn and Garden Corral. Nye stated, "Yes, they should be." (R. 1094).

Denise Copenhaver (Copenhaver), an assistant manager at a Wal-Mart store in Lebanon, Indiana, also testified at trial. Copenhaver testified that the parts of the Store Manual concerning floor hazards and spills are not specific to the Outdoor Lawn and Garden Corral. However, Copenhaver agreed that there is nothing in the Store Manual indicating that the rules, policies, practices and procedures do not apply to the Outdoor Lawn and Garden Corral. Copenhaver explained that, "[t]he Wal-Mart handbook as I see it can be used to your discretion. It has to be used under common sense. You can use it wherever you choose to use it. It's your discretion where to use those rules. It's your choice, how you seek to use them." (R. 866).

On June 21, 2000, the trial judge read the court's Final Instructions. These Final Instructions included the following:

COURT'S FINAL INSTRUCTION NO. 2

You are to consider all the instructions as a whole and are to regard each with the others given to you.

\* \* \*

COURT'S FINAL INSTRUCTION NO. 6

In this case, the Plaintiff, Ruth Ann Wright, was an invitee upon the property of the Defendant, Wal-Mart. Therefore, I instruct you that the Defendant, Wal-Mart, owed the Plaintiff, Ruth Ann Wright, the active and continuous duty to maintain its property in a reasonably safe condition suitable for the use of those who come upon it as invitees.

If you find from a preponderance of the evidence that the Defendant, Wal-Mart, failed to use reasonable care to make its premises reasonably safe for the Plaintiff, you may find that the Defendant, Wal-Mart was negligent.

COURT'S FINAL INSTRUCTION NO. 7

Defendant Wal-Mart owed a duty to its customers to maintain its business premises in a reasonably safe condition and to take reasonable measures to protect its customers. Wal-Mart, however, is not required to guarantee its customers' safety and it was only required to use such reasonable care to prevent the incident.

COURT'S FINAL INSTRUCTION NO. 8

The Defendant, Wal-Mart, is subject to liability for physical harm caused to invitees such as the Plaintiff, Ruth Ann Wright, by a condition of land if, but only if, Wal-Mart:

1. Knows of the condition or by the exercise of reasonable care should discover the condition and should realize that the condition involves an unreasonable risk of harm to such invitees.

2. Should expect that the invitee will not discover or realize the danger or will fail to protect themselves against it.

3. Fails to exercise reasonable care to protect the invitee against danger.

* * *

COURT'S FINAL INSTRUCTION NO. *10*

Negligence either on the part of the Plaintiff or on the part of the Defendant is the failure to do what a reasonably careful and prudent person would do under the same or similar circumstances or the doing of something that a reasonably careful and prudent person would not do under the same or similar circumstances. In other words, negligence is the failure to exercise reasonable or ordinary care.

COURT'S FINAL INSTRUCTION NO. *11*

Reasonable or ordinary care is such care as a reasonably, careful and ordinarily prudent person would exercise under the same or similar circumstances.

* * *

COURT'S FINAL INSTRUCTION NO. *17*

There was in effect at the time of the Plaintiff's injury a store manual and safety handbook prepared by the Defendant, Wal–Mart Stores, Inc., and issued to Wal–Mart Store, Inc. employees. You may consider the violation of any rules, policies, practices and procedures contained in these manuals and safety handbook along with all of the other evidence and the Court's instructions in deciding whether Wal–Mart was negligent.

The violation of its rules, policies, practices and procedures are a proper item of evidence tending to show the degree of care recognized by Wal–Mart as ordinary care under the conditions specified in its rules, policies, practices and procedures.

(R. 288, 292–294, 296–297, 303).

Wal–Mart objected to Final Instruction 17 and stated as follows:

Yeah, I think it's an argument. And you can set standards for yourself that exceed ordinary care and the fact that you've done that shouldn't be used, as this second paragraph says, as evidence tending to show the degree that you believe is ordinary care. The jury decides what ordinary care is, and I don't think those cases apply to this, and I think it's argument.

(R. 1442). The trial court allowed the instruction.

Also on June 21, 2000, the jury found for Wright and against Wal–Mart in the total amount of $600,000.00, reduced by 30% comparative fault of Wright, for an award of $420,000.00. On July 20, 2000, Wal–Mart filed both a motion to correct error and a motion to stay judgment pending appeal. The trial court granted Wal–Mart's motion to stay judgment pending appeal on July 25, 2000, but denied its motion to correct error on August 16, 2000.

Wal–Mart now appeals.

### DISCUSSION AND DECISION

Wal–Mart argues that the trial court erred in allowing Final Instruction 17. Specifically, Wal–Mart argues that paragraph two of Final Instruction 17 is an improper statement of law, which incorrectly changes the standard of care.

#### Standard of Review

■ At the outset, we must note that Wal–Mart believes that this court should impose a *de novo* standard of review in this case. However, we are unable to fully agree. When reviewing the propriety of a jury instruction, we use an abuse of discretion standard. *Blevins v. Clark*, 740 N.E.2d 1235, 1235 (Ind.Ct.App.2000), *trans. denied.* "The manner of instructing a jury lies within the sound discretion of the trial court, whose ruling will not be reversed unless the instructional error is

such that, taken as a whole, the charge to the jury misstates the law or otherwise misleads the jury."[2] *Id.* The instruction will be upheld if evidence of probative value supports it. *Id.*

### Case Law

█ The standard of care, common to all negligence actions, is the duty to use reasonable or ordinary care under the circumstances. *Spall v. Janota,* 406 N.E.2d 378, 382 (Ind.Ct.App.1980). As previously stated, the trial court's Final Instruction 10 provided that:

Negligence either on the part of the Plaintiff or on the part of the Defendant is the failure to do what a reasonably careful and prudent person would do under the same or similar circumstances or the doing of something that a reasonably careful and prudent person would not do under the same or similar circumstances. In other words, negligence is the failure to exercise reasonable or ordinary care.

(R. 296). The above instruction merely informs the jury of the standard definition of negligence used uniformly throughout the State of Indiana; it is undeniably a correct statement of the law. *See LaNoux v. Hagar,* 159 Ind.App. 646, 649, 308 N.E.2d 873, 877 (1974).

█ It is Wal–Mart's position that paragraph two of Final Instruction 17 changes the standard of care from the objective reasonable and prudent person point of view to a subjective Wal–Mart point of view. "It is true that the standard set by an industry is not the definition of reasonable care." *Wiles v. Mahan,* 405 N.E.2d 591, 594 (Ind.Ct.App.1980). However, in *Smith v. Cleveland, C., C. & St. L. Ry. Co.,* 67 Ind.App. 397, 117 N.E. 534, 540 (1917), this court held that a railroad's violation of

its own rule was not "negligence *per se,* but was proper as an item of evidence tending to show the degree of care recognized by appellant as ordinary care, under the conditions specified in such rule."

Likewise, several other Indiana cases have followed this general principle. In *New York Cent. R. Co. v. Wyatt,* 135 Ind. App. 205, 233, 184 N.E.2d 657, 671 (1962), *trans. denied,* this court held:

Safety rules and regulations of a party, when they bear upon issuable facts, may be used in evidence either for or against the party. The jury was not instructed that a violation of the regulation constituted negligence *per se* or even *prima facie* negligence, but simply that they could consider any such violation in passing upon the question of appellant's negligence.

*Id.* (citations omitted). Additionally, in *Central Indiana Ry. Co. v. Anderson Banking Co.,* 143 Ind.App. 396, 406, 240 N.E.2d 840, 847 (1968), this court held that company rules are "admissible in evidence and evidence of their violation can be considered by the jury" in passing upon the question of negligence. Similarly, in *Frankfort v. Owens,* 171 Ind.App. 566, 586, 358 N.E.2d 184, 197 (1976), this court held that "the violation of a company's working rules can be considered by the jury as tending to show a party's negligence." Finally, in *Indiana State Highway Com'n v. Daily Exp., Inc.,* 503 N.E.2d 1237, 1240 (Ind.Ct.App.1987), this court held that "if a failure to comply with the Manual's provisions is only evidence of negligence, the jury should be instructed to treat the Manual as any other evidence of negligence going into the ultimate factual determination of liability."

---

**2.** To the extent that an instruction misstates the law, the review by this court is *de novo.* However, our review of the giving of an in-

struction is not, in all its ramifications, a *de novo* review.

*Analysis*

As previously stated, Final Instruction 17 states:

> There was in effect at the time of the Plaintiff's injury a store manual and safety handbook prepared by the Defendant, Wal–Mart Stores, Inc., and issued to Wal–Mart Store, Inc. employees. You may consider the violation of any rules, policies, practices and procedures contained in these manuals and safety handbook along with all of the other evidence and the Court's instructions in deciding whether Wal–Mart was negligent.
>
> The violation of its rules, policies, practices and procedures are a proper item of evidence tending to show the degree of care recognized by Wal–Mart as ordinary care under the conditions specified in its rules, policies, practices and procedures.

(R. 303). Wal–Mart argues that the trial court violated a fundamental rule for properly instructing the jury, which this court first warned about nearly twenty-five years ago, by failing "to distinguish between the use of such facts evidentially [i.e. paragraph one of Final Instruction 17] and their use to establish a standard of care which accompanies a legal duty [i.e. paragraph two of Final Instruction 17]." *Walters v. Kellam and Foley,* 172 Ind.App. 207, 231, 360 N.E.2d 199, 214 (1977).

This instruction, however, did not require the jury to find that ordinary care, as recognized by Wal–Mart, was the standard to which Wal–Mart should be held. Furthermore, the jury was not instructed that Wal–Mart's violation of its own rules, policies, practices and procedures constituted negligence *per se* or even *prima facie* negligence. *See New York Cent. R. Co.,* 184 N.E.2d at 671. Rather, the trial court instructed the jury to treat Wal–Mart's Store Manual as any other evidence of negligence going into the ultimate factual determination of liability. *See Indiana State Highway Com'n,* 503 N.E.2d at 1240.

In actuality, the trial court instructed the jury that it could only find Wal–Mart liable for Wright's injuries if Wal–Mart:

1. Knows of the condition or by the exercise of reasonable care should discover the condition and should realize that the condition involves an unreasonable risk of harm to such invitees.

2. Should expect that the invitee will not discover or realize the danger or will fail to protect themselves against it.

3. Fails to exercise reasonable care to protect the invitee against danger.

(R. 294). The court then instructed the jury that "[r]easonable or ordinary care is such care as a reasonably, careful and ordinarily prudent person would exercise under the same or similar circumstances." (R. 297). The trial court, at no time, instructed the jury that reasonable or ordinary care was anything other than that of a reasonably, careful and ordinarily prudent person.

Moreover, as shown above, Indiana case law has consistently held that a company's violation of its own rules can be considered by the jury as evidence that tends to show a party's negligence. *See Frankfort,* 358 N.E.2d at 197. Consequently, because Final Instruction 17 is supported by case law and because the trial court properly instructed the jury on the negligence standard of care, we cannot find that the trial court abused its discretion in allowing paragraph two of Final Instruction 17.

Affirmed.

SULLIVAN, J. and FRIEDLANDER, J. concur.